IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AUDREY WOOD, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Cause No. 3:18-cv-2651 |
| JB INVESTMENT, LLC, KHUSHMEET DHILLON and GURLEEN K DHILLON, | § § § § | A Jury is Demanded |
| Defendants. | § § | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, AUDREY WOOD, by and through her undersigned counsel, hereby brings this action against Defendants, JB INVESTMENT, LLC, and KHUSHMEET DHILLON and GURLEEN K DHILLON (hereinafter sometimes referred to collectively as "Defendants"), pursuant to the Fair Labor Standards Act of 1938 (FLSA), 52 Stat. 1060, as amended, 29 U.S.C. §201 *et seq* (1994 ed. and Supp. III)("FLSA").

### PARTIES

1. Plaintiff resides in Dallas, Texas.

2. From January 3, 2018, through August 4, 2018, Defendants employed Plaintiff as a "Clerk."

1

3. Plaintiff, AUDREY WOOD, was an "employee" of Defendants, as that term is defined by the FLSA. During her employment with the Defendants, the Plaintiff was individually and directly engaged in interstate commerce by her regular and recurring use the instrumentalities thereof (processing credit cards, handling interstate mail and telephone calls) as part of her regular and recurring job duties, and her work was essential to Defendants' business

4. During her employment, Defendants paid Plaintiff at the rate of $9.00 per hour.

5. Plaintiff's primary duties were to serve customers, stock inventory, and operate Defendants' retail store.

6. Plaintiff's hours of work varied based on Defendants' schedule for the week. The Plaintiff typically worked 45 to 87 hours per week.

7. Defendant, JB INVESTMENT, LLC, is a limited liability corporation formed and existing under the laws of the State of Texas and which maintains and operates a business in Dallas County, Texas, and is subject to the provisions of the FLSA because at all relevant times it engaged in interstate commerce or was part of an enterprise engaged in interstate commerce as defined by 29 U.S.C. §§203(r) and (s).

8. Defendants, KHUSHMEET DHILLON and GURLEEN K DHILLON, are managers of Defendant, JB INVESTMENT, LLC, and operate it on a day-to-

day basis, act directly on behalf JB INVESTMENT, LLC as employers under 29 U.S.C. § 203(d), and are therefore jointly and severally liable as such for the claims described in this Complaint.

9. Defendants, KHUSHMEET DHILLON and GURLEEN K DHILLON, are individuals who at all times relevant to this matter acted directly or indirectly in the interest of Defendant, JB INVESTMENT, LLC, in relationship to Plaintiff; therefore, Defendants, KHUSHMEET DHILLON and GURLEEN K DHILLON, and Defendant, JB INVESTMENT, LLC, are joint employers as defined by 29 U.S.C. § 203(d).

10. Defendants, KHUSHMEET DHILLON and GURLEEN K DHILLON, (1) possessed the power to hire and fire the Plaintiff, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. Therefore, are statutory employers under the FLSA.

11. At all times material to this complaint, Defendants had employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

## JURISDICTION AND VENUE

12. This Court has jurisdiction under the FLSA pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b).

13. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants and Plaintiff transacted business within this judicial district and the events underlying this complaint occurred within this judicial district.

## **UNPAID OVERTIME WAGES**

14. Between January 3, 2018, until August 4, 2018, Plaintiff worked numerous workweeks in excess of 40 hours per week.

15. During the weeks of employment where Plaintiff worked more than 40 hours, Defendants failed to pay Plaintiff the overtime premium required by the FLSA.

16. Plaintiff did not hold a position while employed by the Defendants that would qualify as exempt from the overtime requirements of the FLSA.

17. Defendants did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

18. At all times relevant to this case, the Defendants had knowledge of Plaintiff's regular and overtime work. Defendants approved Plaintiff's work and hours. Plaintiff's work benefitted Defendants.

19. Defendants' actions were willful and in blatant disregard for Plaintiff's federally protected rights.

20. Defendants are liable to Plaintiff under the FLSA for all unpaid wages and overtime compensation as well as for liquidated damages, attorney's fees, out of pocket expenses and costs of Court.

21. The Defendants are obligated by law to pay Plaintiff at a rate of one and one-half times the regular hourly rate for each hour worked over forty (40) in any workweek.

22. Defendants did not pay Plaintiff the overtime rate for hours worked over 40.

23. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid at the proper overtime premium.

24. Plaintiff further seeks liquidated damages as Defendants' conduct is in violation of Section 7 of the FLSA, 29 U.S.C. § 207.

25. Plaintiff also seeks compensation of recoverable expenses, costs of court, and reasonable and necessary attorney's fees pursuant to 29 U.S.C. §216(b).

26. Plaintiff has retained the law firm of Ross Law, P.C. to represent her in this suit.  Plaintiff has entered into a valid contract with Ross Law, P.C. and has appointed that firm and the undersigned counsel to be her sole agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff.  To avoid tortious interference with Plaintiff's obligations to their attorneys in this suit, all communications concerning this suit must be made

by Defendant and Defendant's attorneys solely to and through the undersigned counsel. Plaintiff's contract with and representation by Ross Law, P.C. and the undersigned attorney gives rise to a claim for reasonable and necessary attorney's fees that Plaintiff is entitled to collect from Defendant pursuant to 29 U. S. C. § 216(b).

### PRAYER FOR RELIEF

Plaintiff, AUDREY WOOD, prays that the Court assume jurisdiction of this cause and that Defendants be cited to appear. Plaintiff prays that the Court award the following relief, under law and equity, as applicable:

a. Judgment against Defendants, jointly and severally, for all unpaid overtime wages found to be due and owing;

b. Judgment against Defendants, jointly and severally, that their violations of the FLSA were willful;

c. Judgment against Defendants, jointly and severally, for an amount equal to the unpaid overtime compensation as liquidated damages;

d. If liquidated damages are not awarded, an award of pre-judgment interest;

e. Post-judgment interest at the applicable rate;

f. All costs, recoverable expenses and attorney's fees incurred in prosecuting these claims;

g. Leave to amend to add claims under applicable state laws, if necessary; and,

h. For such further relief as the Court deems just and equitable to which Plaintiff is entitled.

## JURY TRIAL DEMAND

Plaintiff, AUDREY WOOD, hereby demands a trial by jury on all claims she has asserted in this Complaint.

Respectfully submitted,

**ROSS LAW GROUP**

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
Attorney-in-Charge
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawgroup.com


Steven R. Samples
Texas Bar No. 24086348
Samples Ames PLLC
1512 Crescent Drive, Suite 119
Carrollton, Texas 75006
Phone: (214) 308-6505
Fax: (855) 605-1505

**ATTORNEYS FOR PLAINTIFF**

## **VERIFICATION**

I, AUDREY WOOD, Plaintiff in this action, have read the above and foregoing Verified Complaint and Demand for Jury Trial and the factual statements contained herein are within my personal knowledge, and under penalty of perjury that the foregoing is true and correct.

_____
AUDREY WOOD, Plaintiff

EXECUTED on this the ___ day of _____, 2017